May it please the court. I'm Dennis Balski and I represent the petitioner Sterling Cunio. I'm going to try to end it at eight minutes to save two minutes, but I'm not perfect on that. We'll try to help you as well. Thank you. The question presented is whether the post conviction dismissal of two counts rendered Mr. Cunio's jury trial waiver an unknowing waiver. And there are four factors that are particularly important in making that decision. The first factor is the agreement itself in which the parties said that they expressly understood that the evidence was sufficient to convict him of all charges. The second factor that's important is the colloquy that occurred before the court. There, the prosecutor stated again for the court that the facts were sufficient to prove guilt of all charges. And then the court inquired of Mr. Cunio and said, you know, I haven't read the stipulated facts myself yet, but I understand that they say that they're sufficient to prove guilt of all charges to which Mr. Cunio stated he understood. The third factor is defense counsel himself. This wasn't a stipulated facts trial where the defense made some legal argument to try to undercut some conviction on some charge. Well, you know, if you look at the agreement as such, there's nothing ambiguous about it, is there? Is it ambiguous in any way? Not about what he would be that the facts were sufficient to convict him of all charges. No, it's not ambiguous on that point. Okay. And then there's no express provision that the prosecutor violated, is there? No, I'd say that it's not so much an express provision that's violated that we're talking about. We're talking about a knowing jury waiver. And so the question... Knowing in what sense? Knowing what he was going to be convicted of. You know, unlike a plea agreement where we specify you're going to be convicted of this, this, and this, and the sentencing... Well, wait a minute now. He knows, obviously, at least what he can be convicted of, right? Because it says the evidence is sufficient. Correct. But there's nothing in there that says, well, the prosecutor is, you know... And I promised to secure a conviction on all counts. True. So what are you saying? There's something like an implied promise that the prosecutor would do that, or what? Well, I'm saying that the agreement is one piece, and that's what you're talking about. But you don't just deal with the agreement by itself, I don't think. You deal with what did the prosecutor say was going to happen, what did the judge say was going to happen, how did defense counsel behave, and what actually happened. All of those were everybody saying to him, you're going to be convicted of everything, which is what, in fact, occurred. He was convicted on all counts. And so the question is... In fact, he was convicted, wasn't he? Didn't the judge say it's fine and guilty at one point of all counts? Yes, yes. He was convicted of all counts. Absolutely. So even if you imply a promise in the agreement that he would be convicted of all counts, that was performed. Now, there's nothing that says, you know, prosecutor can't later dismiss the counts. Well, if you later dismiss the counts, which is what happened here, then ask yourself the question, what did Mr. Cuneo know at the time that he entered into this and went before the court? What he knew was he... Everybody knows a count can be dismissed. Don't you think? No, I don't think so. Not at least to my knowledge. Well, look, let's even look at it the opposite way. Well, his lawyer knew that because we all know that a count can be dismissed. After conviction? We're talking... At any time. At any time. Even after appeal. I mean, the Supreme Court... It's not at the option of the defendant. No, I understand. I understand. But conviction, yes. Well, look backwards. If you had an agreement in which it said that they were going to drop the aggravated murder and he was going to agree to the facts of murder and he was convicted of murder and afterwards the prosecutor discovers, ooh, I made a mistake, the prosecutor can't come behind it and add counts. Which is what happened here, right? Well, actually, he did the opposite. Instead of adding counts afterwards, he went in and took them away. He found out he made a mistake. Exactly. The prosecutor found out that he made a boo-boo. You know, I'm sympathetic with you in the sense that I have this sneaking suspicion that what the prosecutor did was sort of kind of, I don't want to say underhanded, but not the fairest and open way to proceed. But I can't see what legal right, though, was violated by that action. The prosecutor had a perfect right to dismiss the count at any time he wanted to. That's part of his discretion. Don't disagree there. He's got the right to do it, and he actually does it, and he does it later. But he does it after the defendant waived his right to a jury. At the time that he made the waiver, the question is, at that time, was it a knowing waiver? Well, it wasn't knowing. No, but just a minute. Even after, suppose he went to jury trial, right? Okay. Jury convicted him in all counts. Even after that, the prosecutor could have moved to dismiss the same count. Then you wouldn't have had a waiver question at all. Here we have a waiver of a constitutional right, the waiver of the right to trial by jury. That has to be a knowing, intelligent, and voluntary waiver. His knowledge at the time he made the waiver was all counts. And by operation of law, that meant he couldn't have received the longer sentence. Mr. Balski, you have stepped over to the procedural bar question, and we've got a specific finding by the Oregon Post-Conviction Relief Court that this claim is time-barred under Oregon law because he didn't raise it on direct appeal. How do you get past the procedural bars to even permit us to look at the merits? Well, there's two different procedural bars that we get by. The second one on ineffectiveness is the easiest one, and that's- And I'm looking at-I guess it's the PCR Court's findings of fact at page 4, paragraph 6, where there was a claim that the trial court erred in accepting the stipulated facts without determining whether the agreement was voluntarily made. And that is the claim that was specifically found by the Oregon court to be barred because it was known but not raised at the time that the direct appeal was prosecuted. So how do we even-on federal habeas review, how do we even get to this claim? Can you restate your question? I'll just read you the language. Sure. Paragraph 6. It's at page 4 of the PCR Court's findings of fact and conclusions of law. Petitioners claim the trial court erred in accepting petitioners' agreement for a stipulated facts trial without properly determining whether the agreement was voluntarily made is the sort of claim petitioner could be expected to raise at trial. And then later on in his conclusions of law, he basically finds that that claim in paragraph 2 on page 6 is barred under Oregon law. Read you number 6 one more time. Because I have not focused on that before. I've focused on 20, 21, and 22, to be honest. Right. Well, if you look at page-do you have it in front of you? I don't. That's why I brought 20, 21, and 22. If you look at page 3 where he starts his finding of facts, in paragraph 2 he sets up that petitioner waived the jury trial and was tried on stipulated facts. And then in paragraph 3 that he was claiming the court imposed an excessive sentence. And then in paragraph 6, and I'll read it again,  for a stipulated facts trial without properly determining whether the agreement was voluntarily made is the sort of claim petitioner could be expected to raise at trial. And then when you go to the conclusions of law, he references in paragraph 2 that it's barred. Okay. A would be that that's two things. One is focusing on it from the perspective of whether or not he would have made the claim about being advised and voluntarily pleading. What we have here, though, is that the violation didn't happen until afterwards when the conviction was dismissed. I think there is a distinction. But the argument was that everybody must have contemplated prior to the entry  and sentenced on all eight counts or six counts, however many there were, but that the prosecutor sandbagged him. Although the record suggests that neither side apparently thought about this issue until the trial judge wrote both sides a letter saying, please be prepared to discuss that sentence in this Oregon Supreme Court case that I found. It's very clear. The second piece of that, though, maybe the more important piece of it, is that Oregon law is inconsistent with that finding. Under Oregon law, those claims can be raised in postconviction. They're not claims that must be raised on direct appeal. And I've cited a case in my brief. It's a very recent one, Kinkle v. Lawhead, but there are any number of cases that Oregon law says you cannot raise those on direct appeal. You must raise those in postconviction. Thank you. Thank you. May it please the Court and Counsel, Jeremy Rice on behalf of the State of Oregon. There are two issues in this case. There's an issue on the merits and there's also sort of combining them into two groups, issues on the merits and also issues on some procedural questions. As the Court just finished talking about some of those procedural questions, I thought I'd just pick up where the Court had left off. We don't have to wrestle with the merits if it becomes clear to us that they're procedurally barred, right? I believe so, yes. So we've got to take it in that order? That works for me. I'll do whatever the Court would like. Well, I understand that. The question is, are you asserting that on appeal? We are asserting that both that this claim fails on the merits and also that it is procedurally barred. To the extent the petitioner's claim is characterized as a claim of trial court error, that is to the extent that he's alleging that the criminal trial court erred in some way, that claim was essentially, I'll use the word time barred in state court. Time barred might not be exactly the right phrasing, but in Oregon under a case, an Oregon Supreme Court case called Palmer v. State of Oregon, the rule of law is that a claim that reasonably could be expected to be raised at trial or on direct appeal cannot be raised in a state post-conviction claim. The state post-conviction court, which is the last state court to have looked at that state court or that state law issue, concluded that this claim was the type of claim that should have, could have been raised either at trial or and on direct appeal. And therefore, could not be raised in state post-conviction. That was laid out in the district court's opinion as well. And the district court goes on to say that basically the federal court can't second guess the state court on that issue. So is there any leeway for the federal court once that statement has been made by the PCR court? I don't believe so. That's a question of state law, whether this was procedurally, whether it was properly raised in the right procedural form in state court. That's a question of state law. The state court has already ruled on that question of state law, and I don't believe there's any ground for the federal court to second guess that question, to the extent that it is really a question of state law. And I understand it to be that, to the extent that we're talking about this claim again as a claim of trial court error. And so to the extent that the claim is characterized that way, it was not raised in the proper procedural form in state court, and therefore it's barred. And that makes it barred in federal court as well. Would your position be the same with regard to the ineffective, I guess under Oregon law, it's the inadequate assistance of counsel? We use a different word, but it's basically the same thing. Right, because his lawyer didn't properly object at the time that the state moved to dismiss the two counts. So to talk about those two claims, the way that they relate, in Oregon law at least, is that the reason most of these claims become inadequate or ineffective assistance of counsel claims is because, for the most part, the state courts, Oregon state courts, say that you cannot raise a claim of trial court error in an action for post-conviction relief. And therefore, what most petitioners are left with is a constitutional inadequate or ineffective assistance of counsel claim. Petitioner did make inadequate and ineffective assistance of counsel claims in state post-conviction. Our argument, as I'm sure the court is aware from the briefing, is that the inadequate or ineffective assistance of counsel claim that petitioner made in state court differs from the inadequate and ineffective assistance of counsel claim that he makes now. And even maybe more than it differing is that the ineffective assistance of counsel claim really was never clearly presented to the state courts, so as to give the state court a fair opportunity to rule on the merits of the claim as it is presented now. As I understand the ineffective assistance of counsel claim to be raised now in federal court, it is essentially that petitioner's attorney should have made an objection when the prosecutor attempted to dismiss these charges. In state court- He didn't make one, but it was timeliness. He said it was untimely. It was too late. Which I think is just probably wrong. That wasn't a meritorious objection. Sort of a reason on the fly when you can't think of anything else. What he could come up with at the time. Well, he basically said that. Yeah. Something's wrong here. He hadn't thought about it. I don't know what's wrong, but I know something's wrong. I don't know what it is. And he was right about that. Something feels wrong, and so I'm going to make an objection. The claim in post-conviction was he should have addressed the issue of voluntariness. Well, one of the things he never did do, though, he meaning defense counsel at the trial, is then move to withdraw his agreement to the plea, right? He did not do that. He didn't move to withdraw the plea. It was a possible remedy maybe he could have pursued. I don't know what else he could have done. I think that-and maybe this is where I'm getting, is I don't know that petitioner ever clearly articulated to the state courts what his attorney should have done. That is, what he said to the state court is, my attorney should have addressed the issue of voluntariness. He didn't really articulate what that objection should have looked like, what constitutional provision it would have been based on, or what state statute or other state law the objection should have been based on. I don't know that he ever really articulated to the state court what objection he believes his attorney should have made. Part of the problem is it's not a plea agreement. So he would be moving to withdraw a stipulated fax agreement on which he's already been found guilty in reliance on it and is about to be sentenced. And that, again, is why I think, when I've looked at this at least, I've had the feeling, or I've made the argument at least, that petitioner's argument's gone back and forth a little bit. I think that he might want to look and say, well, I don't think my attorney should have tried to withdraw the plea agreement. Instead, what he says now is, my attorney should have sought to enforce the stipulated fax agreement. That is, he makes this claim now that, well, the stipulated fax- Actually, with that argument, of course, there's nothing to- And that's why we say there's nothing to enforce. The stipulated fax agreement just stipulates to facts, and that's all it does. At best, maybe he could have moved for a new trial on the grounds that he's arguing now that he didn't understand the consequences of stipulating. And that would be, again, sort of to withdraw the stipulated fax agreement, which I'm not sure the petitioner wanted to withdraw the stipulated fax agreement at the time. Maybe he did, maybe he didn't, based on what was occurring in court at the time. What he basically should have said was, I want to invoke my right to a jury trial in light of this. I'm withdrawing my stipulated fax. I demand a right to trial. That would be one alternative. That would be one alternative. Or you negotiate. The other alternative, yeah. Or, of course, renegotiate a new stipulated fax agreement or a plea agreement or whatever. The other alternative that I think petitioner's sort of raising now is to say, I want to enforce this agreement, which would require coming out and saying, what do we think is contemplated by this agreement? Specifically, the petitioner believed that this agreement contemplated conviction on all of the counts in the indictment and a merger of certain charges that certain counts once convicted would merge into other counts, leaving him under his calculation with nothing more than an aggravated, with two aggravated murder convictions. Well, let me ask, by the way, about that merger theory now. If that merger theory holds, then he was convicted of all counts, right? He was convicted of all counts. So there was a merger. Can that merger be undone? Can it be undone? Isn't that what happened here? It was, in effect, undone? Well, Oregon merger law, I wish it was clearer than it is. Oregon merger law is a mess, and I apologize. But essentially, I recommend not reading about it. It's a mess, and our courts haven't probably done much to help in the last year or two to make it any clearer. Essentially, he had, if you view his convictions in sort of three groups, he has aggravated murder, felony murder below that, and then underlying felonies below that, kidnapping, burglary, robbery maybe. Essentially, at the time, the way that the trial court viewed the law of Oregon merger was that the underlying felonies merged into the felony murders. Once that was done, the felony murder would merge into the aggravated murder so that he would be left only with an aggravated murder. If you take out the middle piece, the underlying felonies do not merge into the aggravated murder. That appears to not be the state of the law in Oregon anymore. I'm not 100% sure whether it even really was the state of the law in 1994 or whatever this was at the time. Like I said, it's not a terribly clear area of Oregon law, and I don't think it was then either. I'm not sure that it matters how it worked exactly. Petitioner's claim is just that that's what he expected. He says, I expected these claims to merge because my attorney advised me or whatever. Sort of turning away from the procedural arguments onto the merits, the state post-conviction court rejected that claim as a matter of fact and said, I don't believe, he said, I specifically found Petitioner not credible and said, I don't believe that you expected to be convicted of all the counts and have those counts merge. I don't believe that you thought that that was what was going to happen. In fact, what the post-conviction court said essentially was, I think the trial court, the state sentencing court, was the first person to ever notice this issue, raised it to everyone, which really means that the stipulated facts agreement was just that. It's a stipulated facts agreement. They agreed to some facts. No one really disagrees that that was a proper agreement about those facts. The claim that I expected merger really, again, like I said, the state post-conviction court just said, I don't believe that. I don't believe that that was the contemplation of the parties, and I don't believe that that was what Petitioner expected out of this agreement. And sort of going back relatedly to this deference to the state courts, I think that's a factual finding that the federal court needs to defer to. I see my time's up. If the court has more specific questions, I'm happy to try to answer them. No, I think not. Thank you. Thank you. Okay. I've got to dodge a bullet. All right. And I'm going to dodge the bullet by swinging from my first claim to my second claim. The reason for that is procedural default on the first claim may be the second claim no way, because the state waived that defense. They never raised that defense. The second claim is the ineffective counsel for failing to do anything other than to make the on-the-fly objection. And the merger question, I agree, merger law is murky in Oregon, but the Tucker case, which governed this situation and was decided a year before Mr. Cuneo's agreement. Now, getting back to what you said earlier, though. Sure. The state never raised a procedural bar on the second claim?  Okay. Now I lost my train of thought. You were talking about the fact that we can then go to the merits of the second claim. That's correct. But what do we do? I hate to sound like a broken record, but it's EDMA. And so I got a look at what the PCR court said, and I thought the PCR court had made a finding that Mr. Cuneo did not suffer prejudice as the motion to dismiss the two charges was not a breach of the stipulated facts. Yes. And I would disagree with that finding as not being entitled to deference at all, because you don't really need – you don't – I think what the post-conviction court said was dismissal didn't change the terms of the agreement. I think that's the language he used. And that really – You're talking about the language of the PCR court? Yes. Go ahead. The findings of fact number 20 specifically. Is that the same one, Judge? Yeah. Yes, that's the one. I mean, the question is what's the agreement. It didn't change the terms of the stipulated facts, correct? That's correct. But in your view, it's a broader constellation that makes up the agreement. Well, yes. And what it does, again, if you take yourself out of just the agreement by itself and take yourself into what did Mr. Cuneo know, because we have to decide whether he made a knowing waiver. No, no, just a minute. You're talking about ineffective assistance now. Yes. But, I mean, I need the underlying claim to win that in order to win the ineffectiveness. So that's why I'm talking about the underlying claim. And I'm talking specifically here about the finding of the – the fact finding of the trial court. And so finding that the terms weren't changed is different from finding that the spirit was violated and especially different from finding that there was a knowing waiver of the right to jury trial because at the time that he entered into all of this, he fully expected to be convicted of all counts. Then by operation of Oregon law, the merger occurred. There was no discretion, no call by anybody on that. Tucker. So the ineffectiveness comes in where? By not arguing? By not making any objection. He could have said, well. Objection on the basis of knowing involuntary. He would have said there's a due process violation here if you do this, Judge, because then it won't be a knowing waiver of the jury trial. So you either need to leave the convictions to stand and sentence him according to that or allow him to withdraw his waiver of the jury trial. But that would have been the objection that you would have made and you would have left it either way the trial court could have dealt with it. You could have left the convictions in place. Then there would have been the sentence going. Was that the argument made to the Oregon court post-conviction? The argument there that was made was that there should have been more than the objection made that it violated due process that he didn't make any better objection than that. That's as much as they said. But again, because of procedural – I don't have a procedural default problem here because they didn't raise the defense. So it doesn't matter in your analysis what was said. The problem is he's got the burden, and at this point he hasn't come up with an argument to allow us to say, by clear and convincing evidence, that the findings of fact that you're struggling with are erroneous. And EDPA says we have to defer to him. I know that, and I guess all I can say is I'd refer you back to my brief and the responses I made on findings of fact 20, 21, and 22. I can't state it any better than I did there. Okay, thank you. But thank you very much. Thank you. As you both have pointed out, these merger and other issues in Oregon and other states are not so clear always. So thank you. Cuneo v. Belek is submitted.
judges: Tashima, McKeown, Tallman